UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESMOND SHAW,

    Petitioner,

v.

GREG McQUIGGIN,

    Respondent,
_____/

Civil No. 2:11-CV-11537
HONORABLE DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS

Desmond Shaw, ("petitioner"), presently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for second-degree murder, M.C.L.A. 750.317; felon in possession of a firearm, M.C.L.A. 750.224f; possession of a firearm in the commission of a felony, M.C.L.A. 750.227b; and being a third felony habitual offender, M.C.L.A. 769.11. Respondent has filed a motion to dismiss, contending that the petition for writ of habeas corpus should be dismissed because it was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). For the reasons stated below, petitioner's application for a writ of habeas corpus is summarily dismissed.

1

## I. Background

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court. Direct review of petitioner's conviction in the Michigan courts ended on November 29, 2007, when the Michigan Supreme Court denied petitioner leave to appeal following the affirmance of his conviction on his appeal of right by the Michigan Court of Appeals. *People v. Shaw,* 480 Mich. 955; 741 N.W.2d 328 (1999).

Petitioner filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. Seq.,* with the trial court on September 12, 2008. After the trial court and the Michigan Court of Appeals denied petitioner's post-conviction application, collateral review of petitioner's conviction in the state courts ended on May 25, 2010, when the Michigan Supreme Court denied petitioner's application for leave to appeal the denial of his state post-conviction motion. *People v. Shaw,* 486 Mich. 927; 781 N.W.2d 813 (2010).

The instant petition was signed and dated April 4, 2011. [1]

## II. Discussion

Respondent has filed a motion to dismiss the petition for writ of habeas corpus on the ground that the petition was not filed in compliance with the statute of limitations. In the statute of limitations context, "dismissal is appropriate only if

---

[1] Under the prison mailbox rule, the court will assume that petitioner actually filed his habeas petition on April 4, 2011, the date that it was signed and dated. See *Neal v. Bock*, 137 F. Supp. 2d 879, 882, fn. 1 (E.D. Mich. 2001).

a complaint clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d 243, 250 (2nd Cir.1999); *See also Cooey v. Strickland,* 479 F. 3d 412, 415-16 (6th Cir. 2007).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court.  The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus is subject to dismissal where it has not been filed within the one year statute of limitations. *See e.g. Williams v. Wilson,* 149 Fed. Appx. 342 (6th Cir. 2005).

The Michigan Supreme Court denied petitioner's application for leave to appeal on November 29, 2007.  However, the one year statute of limitations under 28 U.S.C. § 2244(d)(1) did not begin to run on that day.  Where a state

3

prisoner has sought direct review of his conviction in the state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 129 S. Ct. 681, 685 (2009). Petitioner's judgment therefore became final on February 27, 2008, when he failed to file a petition for writ of certiorari with the United States Supreme Court. *Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998). Absent state collateral review, petitioner would have been required to file his petition for writ of habeas corpus with this Court no later than February 27, 2009 in order for the petition to be timely filed.

Petitioner filed his post-conviction motion for relief from judgment with the state trial court on September 12, 2008, after one hundred and ninety eight days had already elapsed on the one year statute of limitations. 28 U.S.C. § 2244(d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. *See McClendon v. Sherman,* 329 F.3d 490, 493-94 (6th Cir. 2003). A post-conviction application remains pending in the state courts, for purposes of § 2244(d)(2), until it "has achieved final resolution through the state's post-

conviction procedures." *Carey v. Safford,* 536 U.S. 214, 220 (2002). The tolling of the AEDPA's one year statute of limitations ended in this case when the Michigan Supreme Court denied petitioner's application for leave to appeal the denial of his motion for relief from judgment on May 25, 2010. *See Hudson v. Jones*, 35 F. Supp. 2d 986, 988-89 (E.D. Mich. 1999). Petitioner had one hundred and sixty seven days remaining from this date, which would have been no later than November 7, 2010, to timely file his petition with this Court. Because the instant petition was not filed until almost five months later on April 4, 2011, the petition is untimely and was not filed in compliance with the AEDPA's one year statute of limitations.

      Petitioner has filed a brief in opposition to deny respondent's motion to dismiss, along with briefs in opposition to deny respondent's successive motion for enlargement of time and to deny respondent's motion for substitution of attorneys. In these pleadings, petitioner first opposes respondent's motion to dismiss on the ground that respondent was improperly given a ninety day extension of time by this Court on June 27, 2011 to file an answer to the petition for writ of habeas corpus.

      To the extent that petitioner is requesting this Court to grant him a default judgment because of the respondent's failure to file a timely response to the petition, this Court is without power to grant petitioner a default judgment on this basis, because a default judgment is unavailable in a habeas corpus proceeding

under 28 U.S.C. § 2254 on the ground that state officials failed to file a timely response to the habeas petition. *Allen v. Perini*, 424 F. 2d 134, 138 (6th Cir. 1970); *Whitfield v. Martin,* 157 F. Supp. 2d 758, 761 (E.D. Mich. 2001). The failure of the State of Michigan to file a timely response does not relieve a habeas petitioner of his or her burden of proving that his or her custody is in violation of United States law. *Allen v. Perini,* 424 F. 2d at 138. Furthermore, the Court has the discretion in extending the time to file a response to a habeas corpus petition and chose to do so in this case. *Whitfield v. Martin,* 157 F. Supp. 2d at 761.

In the motion for enlargement of time, respondent requested an extension of time based on respondent's workload and the availability of transcripts. Rule 4 of the Rules Governing Section 2254 cases gives a federal court discretion to take into account various factors such as the respondent's workload and availability of transcripts before determining the time when an answer must be made. *Kramer v. Jenkins*, 108 F.R.D. 429, 432, n. 5 (N.D. Ill. 1985). Moreover, the Respondent also requested an extension of time to "ascertain the facts relevant to Petitioner's habeas claim; evaluate possible dispositive motions; to prepare an appropriate response, and deliver state court records to this Court as required by Habeas Rule 5." These are all valid reasons to grant respondent an extension of time to file a response to a petition for writ of habeas corpus. *See Mahaday v. Cason*, 222 F. Supp. 2d 918, 919-20 (E.D. Mich. 2002).

Petitioner next objects to the "Substitution of Attorneys" by respondent, in

6

which Laura Cook, Assistant Attorney General, asked to substitute in as attorney of record for respondent in place of John S. Pallas, Assistant Attorney General. Petitioner contends that Fed.R.Civ. P. 25 prohibits the substitution of counsel at this late date. Petitioner's argument is without merit. Fed. R. Civ. P. 25 applies to the substitution of parties, not the substitution of counsel for the same party. Therefore, this rule is inapplicable to petitioner's case.

Finally, to the extent that petitioner opposes granting a second extension of time to petitioner, this objection is moot, because respondent filed their motion to dismiss on September 15, 2011, which was within the deadline given by this Court in the Order Enlarging Response Time for respondent to file a response to the petition for writ of habeas corpus.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A habeas petitioner bears the burden of establishing that he is entitled to the equitable tolling of the one year limitations period. *See Jurado v. Burt,* 337 F. 3d 638, 642 (6th Cir. 2003).

In the present case, petitioner is not entitled to equitable tolling of the one year limitations period, because he has failed to argue that circumstances of his

7

case warranted equitable tolling. *See Giles v. Wolfenbarger,* 239 Fed. Appx. 145, 147 (6th Cir. 2007); *See also Wilson v. Birkett,* 192 F. Supp. 2d 762, 766-67 (E.D. Mich. 2002).

Finally, the one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *See Souter v. Jones,* 395 F. 3d 577, 599-600 (6th Cir. 2005). To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 590 (quoting *Schlup* 513 U.S. at 327). For an actual innocence exception to be credible, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324; *Souter,* 395 F. 3d at 590. The Sixth Circuit further noted that "actual innocence means factual innocence, not mere legal insufficiency." *Souter,* 395 F. 3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Finally, the Sixth Circuit in *Souter* recognized the Supreme Court's admonition that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* (quoting *Schlup,* 513 U.S. at 321).

In this case, petitioner's case falls outside of the actual innocence tolling exception enunciated in *Souter,* because petitioner has presented no new,

reliable evidence to establish that he was actually innocent of the crimes charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005); *See also Giles,* 239 Fed. Appx. at 147-48 (petitioner's largely unsupported claim of actual innocence did not warrant tolling). Although petitioner alleges that two of the prosecution witnesses committed perjury at petitioner's trial, other than his self-serving statements, petitioner has presented no evidence that these witnesses committed perjury. This would be insufficient to invoke the actual innocence exception to the statute of limitations. *See Murray v. Bruce,* 191 Fed. Appx. 688, 689 (10th Cir. 2006)(petitioner's unsubstantiated contention that state presented perjured testimony in his state court prosecution was insufficient to warrant equitable tolling of filing period for federal habeas petition on basis of petitioner's actual innocence).

### III. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the

9

denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period. *Grayson v. Grayson,* 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002).

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. See *Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the

denial of a constitutional right , a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a).  "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765.  Although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

## IV. CONCLUSION

IT IS ORDERED that the Petition for Writ of Habeas Corpus is **SUMMARILY DENIED** pursuant to 28 U.S.C. § 2244(d)(1)**.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **GRANTED** leave to appeal *in forma pauperis.*

                                               s/Denise Page Hood
                                               United States District Judge

Dated:  October 13, 2011

I hereby certify that a copy of the foregoing document was served upon Desmond Shaw #565614, 4269 W. M-80, Kincheloe, MI 49784 and  counsel of record on October 13, 2011, by electronic and/or ordinary mail.

                                               s/LaShawn R. Saulsberry
                                               Case Manager