UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESMOND SHAW,

    Petitioner,         Civil No. 2:11-CV-11537
                              HONORABLE DENISE PAGE HOOD
v.                            CHIEF UNITED STATES DISTRICT JUDGE

GREG McQUIGGIN,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE
MOTION TO RECALL THE MANDATE**

This Court summarily dismissed the petition for writ of habeas corpus with prejudice, on the ground that it was filed beyond the one year statute of limitations for filing habeas petitions contained in 28 U.S.C. 28 U.S.C. § 2244(d). This Court also denied petitioner a certificate of appealability but granted leave to appeal *in forma pauperis. Shaw v. McQuiggin*, No. 2:11-CV-11537, 2011 WL 4889101 (E.D. Mich. Oct. 13, 2011). The United States Court of Appeals for the Sixth Circuit denied petitioner a certificate of appealability and dismissed the appeal. *Shaw v. McQuiggin,* No. 11-2423 (6th Cir. Apr. 19, 2012).

Petitioner has filed a motion to recall the mandate. For the reasons that follow, the motion is DENIED.

1

A district court does not have the jurisdiction or authority to recall an appellate court's mandate. *See Peavy v. Labor Source,* 678 F. App'x 780, 781 (10th Cir. 2017); *United States v. Graham*, 394 F. App'x 479, 481 (10th Cir. 2010); *Paredes-Silva v. United States*, 632 F. Supp. 2d 349, 352 (S.D.N.Y. 2009). This is consistent with the law of the case doctrine, which precludes a court from re-examining an issue previously decided by the same court, or by a higher court in the same case. *Consolidation Coal Co. v. McMahon*, 77 F. 3d 898, 905 (6th Cir. 1996). The law of the case doctrine has been applied to habeas cases in various contexts. *See Crick v. Smith*, 729 F. 2d 1038, 1039 (6th Cir. 1984).

Accordingly, the motion to recall the mandate (Dkt. 26) is DENIED.

**Dated: May 8, 2019**　　　　　　　s/Denise Page Hood
　　　　　　　　　　　　　　　　　Chief Judge, U. S. District Court